IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| SAO F. VANDI, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No. 12-cv-02424-AW |
| | * | |
| JPMORGAN CHASE BANK, N.A., *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

**************************************************************************

**MEMORANDUM OPINION**

Plaintiffs Sao F. Vandi and Fattu D. Salia (hereinafter "Plaintiffs") filed this action for declaratory and injunctive relief against Defendants JPMorgan Chase Bank, N.A. ("JPMorgan"), Deutsche Bank National Trust Company, N.A. ("Deutsche Bank"), and Long Beach Securities Corporation ("Long Beach") (collectively, "Defendants") in the Circuit Court for Prince George's County on May 14, 2012. The case was removed to this Court on August 15, 2012.[1] Pending before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint for failure to state a claim. Doc. No. 8. Plaintiffs did not file a response, and the Motion is now ripe for the Court's consideration. The Court concludes that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2011). For the reasons articulated below, the Court will GRANT Defendants' Motion.

---

[1] In its Notice of Removal, Defendants state that this is a civil action for damages in excess of $75,000, such that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *See* Doc. No. 1, ¶¶ 4, 6. However, Plaintiffs are only seeking declaratory and injunctive relief. The Court nevertheless concludes that it has jurisdiction because the relief sought by Plaintiffs is worth more than $75,000 as they seek to quiet title to property that they purchased for $669,608.00. *See, e.g.*, *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010) (same).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs have been at all times relevant to this action residents of a property located at 4404 Hatties Progress Drive, Bowie, Maryland 20720. Doc. No. 2, ¶ 4. Plaintiffs purchased the property on August 2, 2006, for $669,608.00, and the Deed to the property was recorded in Prince George's County on September 20, 2006. *Id.*; Doc. No. 8-2. Plaintiffs financed the purchase of the property with a loan in the amount of $535,686.00 from Long Beach. Plaintiffs executed a promissory note (the "Note") and Deed of Trust securing Long Beach for repayment of the loan. As with the Deed, the Note and Deed of Trust were recorded in Prince George's County on September 20, 2006. Doc. Nos. 8-3 and 8-4. JPMorgan was the servicer for Plaintiff's loan and Deutsche Bank is the trustee for the Long Beach Trust Series 2006-10 (the "Trust"), into which Long Beach assigned the Note. Doc. No. 2, ¶ 6. Plaintiffs admit that they defaulted on their obligations under the Note "at some point."[2] *Id.* ¶ 11. Plaintiffs' Complaint also sets forth the following claims:

> It is believed and is therefore alleged that Deutsche Bank and JPMorgan maintain various insurance benefits for and on behalf of the Trust, which insurance benefits are triggered upon the default of any particular loan held by Deutsche Bank for and on behalf of the Long Beach Trust. Accordingly, it is believed and is therefore alleged that Plaintiff's Note, held by Deutsche Bank as said, has been paid off, in whole and/or substantial part.
>
> For the aforesaid reasons and such other and further reasons may be set forth during trial hereon, it is believed that the Defendants do not hold any interest in and to the Property.

*Id.* ¶¶ 12–13.

Plaintiffs seek to remove any cloud from their title to the property resulting from any claim that may be asserted by Defendants or their assignees. *Id.* ¶ 14. Specifically, Plaintiffs request that the Court issue an order declaring that Defendants and their assigns have no rights,

---

[2] Defendants contend that Plaintiffs stopped making payments on the Note in August 2008. Doc. No. 8-1, at 2 n.1.

title, lien, and/or interest in or to the property. *Id.* Plaintiffs also request that the Court permanently enjoin the Defendants and their assigns from instituting any action in foreclosure relative to Plaintiffs' default under the terms of the Note. *Id.*

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of [the] complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, the complaint need only satisfy Rule 8(a) of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). In resolving a motion to dismiss, the Court should proceed in two steps. First, the Court should determine which allegations in the Complaint are factual allegations entitled to deference, and which are mere legal conclusions that receive no deference. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

In its determination, the Court must "accept the well-pleaded allegations of the complaint as true," *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and "must construe factual allegations in the light most favorable to the plaintiff," *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court should not, however, accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), "legal conclusion[s] couched as . . . factual allegation[s]," *Papasan v. Allain*, 478 U.S. 265, 286 (1986),

or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. "[I]n seeking a declaratory judgment—just as in seeking any other remedy—a plaintiff must state a claim upon which relief can be granted." *Estate of Fisher v. PNC Bank, N.A.*, 769 F. Supp. 2d 853, 857 (D. Md. 2011) (quoting *Miller v. Pac. Shore Funding*, 224 F. Supp. 2d 977, 993 (D. Md. 2002)).

Generally, consideration of matters outside the pleadings requires courts to treat motions to dismiss under Rule 12(b)(6) as motions for summary judgment. Fed. R. Civ. Pro. 12(d). However, "[t]he Fourth Circuit and courts in this district have recognized an exception for written documents referred to in the complaint and relied upon by the plaintiff in bringing the civil action." *HQM, Ltd. v. Hatfield*, 71 F. Supp. 2d 500, 502 (D. Md. 1999); *see also New Beckley Min. Corp. v. Int'l Union, United Mine Workers of Am.*, 18 F.3d 1161, 1164 (4th Cir. 1994); *Biospherics, Inc. v. Forbes, Inc.*, 989 F. Supp. 748, 749 (D. Md. 1997). In reviewing a 12(b)(6) motion, courts may also take judicial notice of matters of public record. *See, e.g.*, *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### III. ANALYSIS

The basis for Plaintiffs' claims for declaratory and injunctive relief appears to be that Defendants do not hold any interest in the property. *Id.* ¶ 13. In support, Plaintiffs aver that "[i]t is believed and is therefore alleged" that Defendants received insurance benefits when Plaintiffs defaulted on the Note and have been "paid off, in whole and/or substantial part." *Id.* ¶ 12. Plaintiffs' assertions do not raise a right to relief "above the speculative level" as required by *Twombly*. 550 U.S. at 545, 547. Plaintiffs have not identified the parties to the alleged

insurance policy, the terms of the policy, whether and when a claim was made under the policy, and the amount paid under the policy. Plaintiffs have also made no attempt to explain how Plaintiffs' indebtedness on the Note was discharged by the policy, and why the insurer is not subrogated to the rights of Defendants (or any other insured parties) after it issued payment under the policy. As in *Twombly*, the Plaintiffs in this case "have not nudged their claims across the line from conceivable to plausible." *Id.* at 547. Accordingly, the Complaint must be dismissed.

Even if the Court accepted that an insurance policy exists, Plaintiffs have still failed to state a claim upon which relief can be granted. Plaintiffs do not claim that they paid for the insurance policy or that they are the intended beneficiaries of such a policy, and the Court discerns no reason from the record why Plaintiffs are entitled to its benefits. Plaintiffs admit that they defaulted on their loan, Doc. No. 2, ¶ 11, and have failed to plead any facts supporting the conclusion that their obligations under the Note and Deed of Trust have been extinguished. Plaintiffs' assertion that they should be discharged from their obligations based on the Defendants' receipt of default insurance has repeatedly been rejected by this and other district courts in the Fourth Circuit. *See, e.g.*, *Flores v. Deutsche Bank Nat. Trust Co.*, No. DKC 10-0217, 2010 WL 2719849, at *5 (D. Md. July 7, 2010) ("[A]lthough Plaintiff's default may have triggered insurance for any losses caused by that default, she is not discharged from the promissory notes themselves."); *Ruggia v. Washington Mut.*, 719 F. Supp. 2d 642, 647 (E.D. Va. 2010) ("Plaintiff provides no factual or legal basis, and the Court finds none, to support his contention that because Plaintiff's default triggered insurance for any losses caused by that default . . . , he is discharged from the promissory notes and the Property is released from the deeds of trust.") (citations omitted); *Bolouri v. Bank of Am., N.A.*, No. 1:10-cv-225, 2010 WL

3385177, at *4 (E.D. Va. Aug. 24, 2010) (same).  Furthermore, even if Defendants received insurance proceeds as a result of Plaintiffs' default, Plaintiffs' obligations under the Note would not be extinguished as the insurer would be subrogated to Defendants' position under the Note and Deed of Trust.  *See In re Schubert*, 437 B.R. 787, 792 (Bankr. D. Md. 2010) ("So soon as a surety pays the debt of a principal debtor, equity subrogates him to the place of the creditor and gives him every right, lien, and security to which the creditor could have resorted for the payment of his debt.") (quoting *Wallace v. Jones*, 72 A. 769, 770 (Md. 1909)).

Plaintiffs have likewise failed to state a claim for quieting title to the property.  The Maryland Real Property Code permits a person in possession of property to bring a quiet title action "when his title to the property is denied or disputed, or when any other person claims, of record or otherwise to own the property, or any part of it, or to hold any lien encumbrance on it . . . ." Md. Code, Real Prop. § 14-108(a).  There is no dispute that Plaintiffs executed a Note and Deed of Trust granting Long Beach an interest in the property, and that Plaintiffs received the loan and subsequently defaulted on their obligations.  *See* Doc. No. 2, ¶¶ 9, 11; Doc. Nos. 8-3 and 8-4.  Plaintiffs have not pled that they are entitled to rescission of the loan agreement, and the Court finds nothing in the record to support rescission.  Accordingly, Plaintiffs' complaint must be dismissed.  *See, e.g.*, *Void v. OneWest Bank*, No. DKC 11-0838, 2011 WL 3240478, at *7 (D. Md. July 27, 2011) (dismissing quiet title action where Plaintiff acknowledged entering the mortgage agreement, received the loan, and defaulted, but failed to show a right to rescission); *Koehler v. Wells Fargo Bank*, No. WDQ-10-1903, 2011 WL 691583, at *4 (D. Md. Feb. 18, 2011) (same); *Hood v. Aurora Loan Servs.*, No. CCB-10-11, 2010 WL 2696755, at *5 (D. Md. July 6, 2010) (same).

## IV. CONCLUSION

For the foregoing reasons, the Court will GRANT Defendants' Motion to Dismiss. A separate order will follow.

| | |
|---|---|
|  September 19, 2012  |          /s/        |
| Date | Alexander Williams, Jr.<br>United States District Judge |